RONALD K. ALBERTS (SBN: 100017)
A. LOUIS DORNY (SBN: 212054)
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
ralberts@gordonrees.om
ldorny@gordonrees.com

Attorneys for Defendants
AETNA LIFE INSURANCE COMPANY AND STERLINE COMMERCE, INC. EMPLOYEE WELFATRE BENEFIT PLAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BAHR,<br><br>  Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY and STERLING COMMERCE, INC. EMPLOYEE WELFARE BENEFIT PLAN,<br><br>  Defendants. | CASE NO. CV 11-02500 RGK (PLAx)<br>[*Assigned to the Honorable R. Gary Klausner*]<br><br>**AETNA LIFE INSURANCE COMPANY'S AND STERLING COMMERCE, INC. EMPLOYEE WELFARE BENEFIT PLAN'S ANSWER TO THE COMPLAINT**<br><br>Courtroom: 850 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

COMES NOW Defendants AETNA LIFE INSURANCE COMPANY and STERLING COMMERCE, INC. EMPLOYEE WELFARE BENEFIT PLAN (collectively "Defendants"), answering the Complaint of James Bahr ("Complaint"), in accordance with the numbered paragraphs herein:

1. Responding to Paragraph 1 of the Complaint, Defendants admit this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a), (e), (f), and (g). Defendants admit that that Plaintiff's claims arise under the Employee

1  Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* Defendants deny each and every remaining allegation contained in Paragraph 1 of the Complaint.

2. Responding to Paragraph 2 of the Complaint, Defendants admit the allegations contained therein.

3. Responding to Paragraph 3 of the Complaint, Defendants admit the allegations contained therein.

4. Responding to Paragraph 4 of the Complaint, Defendants admit the allegations contained therein.

5. Responding to Paragraph 5 of the Complaint, Defendants admit the allegations contained therein.

6. Responding to Paragraph 6 of the Complaint, Defendants admit venue is proper pursuant to 29 U.S.C. § 1132(e)(2). Defendants admit that the Long Term Disability Benefits provided under the Plan ("Plan") are fully insured by Aetna. Defendants admit that since on or about January 13, 1904, Aetna has been registered as a corporation with the State of California and has extensive contacts within the state, employs California residents, conducts ongoing business within the State and therefore, may be found within the state. Defendants deny each and every allegation contained in footnote 1 of the Complaint as it constitutes legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every allegation contained in footnote 1 of the Complaint. Except as expressly admitted, Defendants deny each and every remaining allegation contained in Paragraph 6 and footnote 1 of the Complaint.

7. Responding to Paragraph 7 of the Complaint, Defendants admit that at all relevant times, Plaintiff was an employee Sterling Commerce, Inc. and an eligible participant of the Plan. Except as expressly admitted, Defendants lack sufficient information to admit or deny the remaining allegations contained in

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1 | Paragraph 7 and therefore deny each and every allegation contained therein.

2 |     8.    Responding to Paragraph 8 of the Complaint, Defendants admit that on or about January 1, 2007, Defendant Aetna Life Insurance Company issued a group insurance Policy to Sterling Commerce, Inc. Defendants admit that Plaintiff was eligible to participate in the Plan. Defendants deny that the entirety of the Plan is attached to the Complaint as Exhibit "A". Except as expressly admitted, Defendants deny each and every remaining allegation contained in Paragraph 8 of the Complaint.

    9.    Responding to Paragraph 9 of the Complaint, Defendants admit that Plaintiff was eligible for monthly benefits should he become disabled as defined by the terms of the Plan. Defendants admit that Aetna Life Insurance Company fully insures benefits provided under the Plan and is the Claims Administrator. Defendants deny each and every allegation contained in footnote 2 of the Complaint as it constitutes legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every allegation contained in footnote 2 of the Complaint. Except as expressly admitted, Defendants deny each and every remaining allegation contained in Paragraph 9 and footnote 2 of the Complaint.

    10.    Responding to Paragraph 10 of the Complaint, Defendants object to the form of Paragraph 10 as the information is not provided in a narrative capable of a proper response. Defendants further object as the information provided under the Terms/Provisions sections are taken out of context as the information is incomplete and only portions of the documents are offered for the Court's review. Defendants object to Paragraph 10 as the Plan documents, which are a part of the administrative record, speak for themselves. In addition, except as expressly admitted, Defendants deny each and every allegation contained within Paragraph 10 of the Complaint.

-3-

DEFENDANTS' ANSWER TO COMPLAINT      CASE NO. CV 11-02500 RGK (PLAx)

-4-

1   11.   Responding to Paragraph 11 of the Complaint, Defendants admit that Plaintiff worked for Sterling Commerce, Inc. since 1994. Defendants admit that when Plaintiff ceased working his position with Sterling Commerce, Inc. was staff analyst, level 4. Defendants object to the form of Paragraph 11 as the information is not provided in a narrative capable of a proper response. The information is not provided in the standard complaint format as the bullet points are not individually numbered. Defendants object to footnotes number 3 as the information provided is is incomplete and only portions of the website document is quoted for the Court's review. Defendants further object to footnote 3 as it is not part of of the administrative record and is therefore excluded from review under *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F. 3d 938, 943-944 (9th Cir. 1995). Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 11 of the Complaint.

12.   Responding to Paragraph 12 of the Complaint, Defendants admit that Plaintiff did receive short term disability benefits. Defendants deny each and every remaining allegation contained in Paragraph 12 of the Complaint.

13.   Responding to Paragraph 13 of the Complaint, Defendants admit that Plaintiff did receive short term disability benefits. Defendants deny each and every allegation contained therein.

14.   Responding to Paragraph 14 of the Complaint, Defendants object to the form of Paragraph 14 as the information is not provided in a narrative capable of a proper response. The information is not provided in the standard complaint format as the bullet points are not individually numbered. Defendants further object as the information provided is taken out of context as the information is incomplete and only portions of the document are offered for the Court's review. Defendants object to Paragraph 14 as the July 19, 2009 and December 29, 2009 letters, which are part of the administrative record, speak for themselves respectively. Except as expressly admitted, Defendants deny each and every

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

remaining allegation contained within Paragraph 14 of the Complaint.

16. Responding to Paragraph 15 of the Complaint, Defendants deny each and every allegation contained therein. Defendants object to footnote number 4 as the information provided to the extent it constitutes legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every allegation contained in footnote 4 of the Complaint. Except as expressly admitted, Defendants deny each and every remaining allegation contained in Paragraph 15 of the Complaint and footnote 4.

16. Responding to Paragraph 16 of the Complaint, Defendants object to the form of Paragraph 16 as the information is not provided in a narrative capable of a proper response. The information is not provided in the standard complaint as the chart format is not numbered. Defendants further object as the information provided is taken out of context as the information is incomplete and only portions of the document are offered for the Court's review. Defendants object to the documents cited in the chart which are part of the administrative record and speak for themselves. Defendants further deny the allegations contained in footnotes 5 through 9 as the information provided is not reliable given there is no supportive authority cited and the footnotes are incomplete general descriptions of alleged conditions/symptoms that are not necessarily suffered by Plaintiff. Defendants deny each and every allegation contained within Paragraph 16 and footnotes 5 through 9 of the Complaint.

17. Responding to Paragraph 17 of the Complaint, Defendants admit Plaintiff has not received long term disability benefits. Defendants object to the form of Paragraph 17 as the information is not provided in a narrative capable of a proper response. The information is not provided in the standard complaint format as the bullet points are not individually numbered. Except as expressly admitted, Defendants deny each and every remaining allegation contained within Paragraph

17 of the Complaint.

18. Responding to Paragraph 18 of the Complaint, Defendants deny each and every allegation contained therein. Further, Defendants deny the allegations contained in Paragraph 18 to the extent the allegations constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every allegation contained in Paragraph 18 of the Complaint.

19. Responding to Paragraph 19 of the Complaint, Defendants deny each and every allegation contained therein. Further, Defendants deny the allegations contained in Paragraph 19 to the extent the allegations constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every allegation contained in Paragraph 19 of the Complaint.

20. Responding to Paragraph 20 of the Complaint, Defendants deny each and every allegation contained therein.

21. Responding to Paragraph 21 of the Complaint, Defendants deny each and every allegation contained therein. Further, Defendants deny the allegations contained in Paragraph 21 to the extent the allegations constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every allegation contained in Paragraph 21 of the Complaint.

22. Responding to Paragraph 22 of the Complaint, Defendants are informed and believe and based thereon admit that Plaintiff is seeking a declaration of this Court that he meets the long term disability Plan definition of disability and consequently he is entitled to benefits from the Plan. Further, Defendants are informed and believe and based thereon admit that in the alternative, Plaintiff seeks a remand to the Plan Administrator for a determination of Plaintiff's claim consistent with the terms of the Plan. Plaintiffs deny that the Plan Administrator

has discretionary authority to review claims and make claim determinations under the fully insured Plan at issue. Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 22 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants allege the following as further and separate affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

1. Defendants allege that the Complaint and each of the claims that are asserted against the Defendants fail to set forth facts sufficient to constitute a claim for relief against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

2. Defendants are informed and believe, and thereon allege, that the Complaint is barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver)

3. Defendants are informed and believe, and thereon allege, that the Complaint is barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Comply with Conditions Precedent)

4. Defendants are informed and believe, and thereon allege, that Plaintiff's cause of action is barred, in whole or part, to the extent that Plaintiff failed to comply with the conditions precedent under the long term disability Plan

at issue in this litigation.

### FIFTH AFFIRMATIVE DEFENSE
### (Reasonable Conduct)

5. Defendants allege that all acts performed by it were performed fairly, in good faith, and for a lawful purpose, and the conduct of these answering Defendants' was in compliance with the explicit and implied terms of the Plan at issue in this litigation and its obligations under applicable law.

### SIXTH AFFIRMATIVE DEFENSE
### (Acts or Omissions of Others)

6. Defendants allege that if Plaintiff was injured as alleged in the Complaint, he was injured by acts or omissions of persons or organizations other than Defendants, whom were neither under the control of, nor in the employ of, Defendants.

### SEVENTH AFFIRMATIVE DEFENSE
### (Privileged Conduct)

7. Defendants allege that each and every act or statement done or made by these answering Defendants and their officers, employees, agents or insurers with reference to the matters at issue, was a good faith assertion of the rights and obligations, and therefore, was privileged or justified.

### EIGHTH AFFIRMATIVE DEFENSE
### (Offset of Payment)

8. If Plaintiff is entitled to payment of any benefits, any such payment must be reduced and offset by any and all other income benefits, as defined in the long term disability Plan, payable to Plaintiff.

-8-

## NINTH AFFIRMATIVE DEFENSE

### (Own Occupation)

9. Plaintiff did not suffer from sickness or injury of a severe nature that would have prevented Plaintiff from performing the material duties of her own occupation.

## TENTH AFFIRMATIVE DEFENSE

### (Any Reasonable Occupation)

10. Plaintiff did not suffer from sickness or injury of a severe nature that would have prevented Plaintiff from performing the duties of any reasonable occupation for which Plaintiff was fitted by education, training or experience.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Proper Investigation)

11. Defendants have a duty to the other Plan members to investigate Plaintiff's claim and to determine whether it was properly payable under the terms and conditions of the Plan at issue. Defendants, in discharging that duty, acted properly at all times herein relevant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

12. If Plaintiff sustained any injuries or damages as a result of the conduct complained of herein, then Plaintiff proximately caused, aggravated and/or failed to take proper action to reduce and/or mitigate such injuries or damages.

//
//
//
//

DEFENDANTS' ANSWER TO COMPLAINT  CASE NO. CV 11-02500 RGK (PLAx)

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Contractual Defenses)

13. To the extent the terms and/or provision of the long term disability coverage Plan provides contractual defenses not specifically set forth herein, Defendants reserve the right to assert those terms and/or provisions as defenses at anytime throughout this proceeding and incorporates by reference any potentially applicable terms or provisions into this response.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (ERISA Preemption)

14. To the extent the long term disability coverage Plan is subject to the Employee Retirement Income Security Act of 1974 (28 U.S.C. § 1001, *et seq.*) ("ERISA"), all of Plaintiff's state law causes of action and claims for extra-contractual damages are thereby preempted.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Limited Remedy)

15. Although Defendants deny any liability to Plaintiff, in the event benefits are awarded to Plaintiff, Plaintiff's remedies are limited under ERISA.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

16. Plaintiff fails to plead claims with sufficient particularity to permit Defendants to determine all applicable defenses. Defendants reserve the right to assert additional defenses as information is obtained through discovery and investigation.

//

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Remand)

17. If Aetna's decision to terminate Plaintiff's benefits is found to have been incorrect, Plaintiff's claim must be remanded to Aetna for determination of the amount and extent of benefits to which Plaintiff may be entitled for the period of time after the date of that termination.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Offset)

18. If Plaintiff is entitled to benefits, the amount of any such benefits must be reduced and offset by any other income, as defined in the benefits plans, which Plaintiff may be receiving or entitled to receive.

WHEREFORE, Defendants pray for judgment as follows:

1. That judgment be entered in favor of Defendants;

2. That Plaintiff be awarded nothing;

3. That Defendants be awarded costs and reasonable attorney's fees from Plaintiff; and

4. For such other and further relief as this Court may deem just and proper.

Dated: May 20, 2011                        GORDON & REES LLP


By: /s/ Ronald K. Alberts
    Ronald K. Alberts
    A. Louis Dorny
    Attorneys for Defendants
    AETNA LIFE INSURANCE
    COMPANY and STERLING
    COMMERCE, INC. EMPLOYEE
    WELFARE BENEFIT PLAN

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

AETNA/1069548/9815867v.1

-11-

DEFENDANTS' ANSWER TO COMPLAINT                CASE NO. CV 11-02500 RGK (PLAx)