FRANK N. DARRAS #128904, Frank@DarrasLaw.com
LISSA A. MARTINEZ #206994, LMartinez@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
DARRASLAW
3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:  (909) 390-3770
Facsimile:  (909) 974-2121

Attorneys for Plaintiff
JAMES BAHR

RONALD K. ALBERTS #100017, ralberts@gordonrees.com
A. LOUIS DORNY #212054, ldorny@gordonrees.com
GORDON & REES LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA  90071
Telephone:  (213) 576-5000
Facsimile:  (213) 680-4470

Attorneys for Defendants
AETNA LIFE INSURANCE COMPANY and
STERLING COMMERCE, INC. EMPLOYEE WELFARE BENEFIT PLAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JAMES BAHR,<br><br>        Plaintiff,<br><br>    vs.<br><br>AETNA LIFE INSURANCE COMPANY; and, STERLING COMMERCE, INC. EMPLOYEE WELFARE BENEFIT PLAN,<br><br>        Defendants. | Case No: CV11-02500 RGK(PLAx)<br><br>**PARTIES' JOINT REPORT PURSUANT TO RULE 26(f)**<br><br>**Scheduling Conference**:<br>Date:    August 8, 2011<br>Time:    9:00 AM<br>Place:   Courtroom 850<br>Judge:   Hon. R. Gary Klausner<br><br>Date Action Filed:    March 24, 2011 |

Pursuant to Federal Rule of Civil Procedure 26(f) and 16(b), Local Rule 26, and the Order Setting Scheduling Conference dated June 9, 2011, counsel for Plaintiff James Bahr ("Bahr" or "Plaintiff") and Defendants Aetna Life Insurance Company ("Aetna") and Sterling Commerce, Inc. Employee Welfare Benefit Plan (the "Plan") (collectively, "Defendants") have conducted their meeting of counsel and hereby submit the following Joint Report:

### A.  Subject Matter Jurisdiction

The basis for subject matter jurisdiction is federal question, as Plaintiff's claims arise out of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA").

### B.  Concise Statement of Factual and Legal Basis of Claims and Defenses

**Per Plaintiff:** This action involves plaintiff James Bahr's claim to recover disability benefits pursuant to Sterling Commerce, Inc. Employee Welfare Benefit Plan, which is insured and administered by Aetna. The Plan is regulated by ERISA.

Prior to his disability, Mr. Bahr was a Senior Delivery Consultant with Sterling Commerce, Inc. On April 20, 2007, Mr. Bahr became disabled under the terms of the Plan due to severe persistent back and leg pain (which subsequently required surgery) and side effects from his prescribed medications. He was diagnosed with lumbar radiculopathy and stenosis with multi-level degeneration and bulging disks, confirmed by multiple MRIs. On August 11, 2008, Mr. Bahr underwent spinal fusion at L3-L5. Unfortunately, Mr. Bahr continued to suffer with low back pain radiating down his right leg. On May 12, 2009, the Social Security Administration determined that Mr. Bahr was totally disabled as of April 20, 2007.

Aetna approved Mr. Bahr's claim and paid disability benefits during the 24-month own occupation period. On July 17, 2009, Aetna denied further benefits as

it had determined that Mr. Bahr did not meet the any occupation definition of disability under the Plan. Mr. Bahr timely appealed and submitted additional medical evidence in support of his disability. On December 29, 2009, Aetna upheld it prior denial. Mr. Bahr subsequently filed the present suit to obtain disability benefits under the Plan.

At issue is whether Mr. Bahr is disabled under the terms of the Plan. Also at issue is the amount of deference the Court will afford Aetna's determination. As the Plan appears to contain discretionary language, the Court will review the claim determination for an abuse of discretion. However, any deference afforded to the claim decision should be lessened by reason of Aetna's conflict of interest as both the claims administrator and the funding source of plan benefits. *Metropolitan Life v. Glenn*, 128 S. Ct. 2343 (2008); *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 959 (9th Cir. 2006) (en banc) (applying an "abuse of discretion review, tempered by skepticism commensurate with the plan administrator's conflict of interest).

**Per Defendants:** This action involves Plaintiff's claims for disability benefits under the Disability, Life, and Accident Plans (the "Plan"), which is an employee welfare benefit plan sponsored and maintained by Sterling Commerce Inc, and which includes a Long-Term Disability Plan ("LTD Plan"). Aetna is the insurer and claims administrator for the LTD Plan. In the instant matter, Plaintiff was employed by Sterling Commerce as Senior Delivery Consultant when his disability claim was incurred in April of 2007. Plaintiff was entitled to benefits and actually paid benefits for 24 months under the "own occupation" disability coverage. It is Defendants' position that Plaintiff is not entitled to disability benefits beyond July 31, 2009, and that Aetna's decision to deny Plaintiff's claim for disability benefits beyond that date was proper. Aetna denied further benefits as it had determined that Mr. Bahr did not meet the "any occupation" definition of disability under the Plan.

The Group Policy provides Aetna with discretionary authority to determine whether and to what extent employees and beneficiaries are entitled to benefits, and to construe any disputed or doubtful terms of the policy. Accordingly, at issue is whether Aetna's decision to deny Plaintiff's claim for disability benefits was proper when reviewed for an *abuse of discretion*. It is Aetna's position that it did not abuse its discretion and that its decision should be affirmed by the Court.

### C. Amendment of the Pleadings or Additional Parties

The parties do not anticipate any amendments to the pleadings or that any additional parties will be added.

### D. FRCP 26(a) – Initial Disclosures

The parties agree to exchange Initial Disclosures on or before August 8, 2011. Defendants' Initial Disclosures consists of a complete copy of the administrative record.

### E. Discovery Plan

**Per Plaintiff:** As Aetna's policy appears to contain discretionary language, the Court will review the claim determination under the abuse of discretion standard of review. However, any deference afforded to the claim decision should be lessened by reason of Aetna's conflict of interest as both the claims administrator and the funding source of plan benefits. Pursuant to *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc), *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2343 (2008) and *Nolan v. Heald College*, 551 F.3d 1148 (9th Cir. 2009), some discovery is necessary on the issue of Aetna's conflict of interest. In *Abatie*, the Ninth Circuit confirmed that district courts may consider evidence outside of the administrative record in ERISA cases "to decide the nature, extent, and effect on the decision-making process of any conflict of

interest" in order to determine the appropriate level of scrutiny the court will give to a conflicted administrator's decision to deny the claim. *Abatie*, 458 F.3d at 970. Because the plan participant necessarily cannot have access to information outside of the administrative record without discovery, discovery is permitted to enable courts to consider the evidence that the *Abatie* court contemplated. *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949-50 (9th Cir. 2007) ("Because an ERISA plaintiff may be permitted to supplement the administrative record with evidence of a conflict of interest on the part of the defendant . . . *some* discovery aimed at demonstrating a conflict of interest may have been appropriate.").

Plaintiff plans on pursuing limited discovery regarding potential conflict factors, including Aetna's relationship with its consulting physicians, Dr. James Wallquist and Dr. Rick Pospisil, and third-party vendor MES Solutions.

**Per Defendants:** Defendants provided Plaintiff with a complete copy of the Administrative Record on July 20, 2011. Defendants reserve the right to object to discovery additional and extrinsic to the Administrative Record, and will oppose discovery to the extent it is impermissible and beyond that permitted by applicable law, including that set forth in *Abatie v. Alta Health & Life Insurance Company*, 458 F.3d 955 (9th Cir. 2006).

Further, Defendants assert that *Abatie v. Alta Health & Life Insurance Co.*, 458 F. 3d 955, 965, 967-968, 971 (9th Cir. 2006), provides that when a claim administrator both insures and administers plan benefits, this dual role alone amounts to no more than a structural conflict of interest.

**Discovery Cut-off:** The parties propose a discovery cut-off date of February 27, 2012.

F. <u>Expert Witnesses</u>

The parties agree that because this is an ERISA action subject to an abuse of discretion standard of review, experts are not warranted.

**G. Settlement Procedure**

Counsel for Plaintiff and Defendants has previously settled a number of ERISA cases and believe this case would be appropriate for private mediation. Pursuant to Local Rule 16-15.4, the parties elect Settlement Procedure <u>No. 3</u> [Non-judicial dispute resolution proceeding]. The parties have agreed to private mediation.

With respect to prospects of settlement and proposed date of compliance with Local Rule 16-15, it is the position of both Plaintiff and Defendants that the parties need sufficient time to review the documents produced by each side, the claims and defenses asserted, and to properly value the case and that they can then discuss settlement. The parties propose that the deadline to complete mediation be set for December 30, 2011.

**H. Dispositive Motions**

The parties do not anticipate filing any dispositive motions.

**I. Court Trial**

Trial will be to the Court and is estimated at ½ day.

**J. Proposed Pre-Trial Conference and Trial Date**

The parties agree and respectfully submit that this case is appropriate for waiver of the Pre-Trial Conference, given the streamlined procedures proposed herein and the evidentiary limitations required by ERISA. Therefore, the parties request that the Court order that the Pre-Trial Conference is waived, pursuant to Local Rule 16-11.

The parties anticipate a half-day bench trial and request that the trial take place on or about May 15, 2012. The parties request a deadline of April 14, 2012

PARTIES' JOINT REPORT PURSUANT TO RULE 26(f)

1 to submit initial trial briefs.  The parties request a deadline of May 1, 2012 to
2 submit responsive trial briefs.

**K.  Other Issues Affecting Status or Management of the Case**

The parties are not aware of any other issues affecting status or management of the case.

**L.  Proposals Regarding Severance, Bifurcation or Other Ordering of Proof**

The parties do not have any proposals regarding severance, bifurcation or other ordering of proof.

Dated: August 1, 2011                DARRASLAW

                                                        */s/ Lissa A. Martinez*
FRANK N. DARRAS
LISSA A. MARTINEZ
SUSAN B. GRABARSKY
Attorneys for Plaintiff

Dated: August 1, 2011                GORDON & REES LLP

                                                        */s/ A. Louis Dorny*
RONALD K. ALBERTS
A. LOUIS DORNY
Attorneys for Defendants
AETNA LIFE INSURANCE COMPANY
and STERLING COMMERCE, INC.
EMPLOYEE WELFARE BENEFIT PLAN

PARTIES' JOINT REPORT PURSUANT TO RULE 26(f)